Whitmore *v.* Whitcomb.

## FRANCIS WHITMORE *versus* OTIS WHITCOMB.

Minors under the age of fourteen years may be bound as apprentices until that age, without their consent, by their father, if living ; and if not by their mother or legal guardian ; and above that age *in the same manner*, with their consent.

The indentures should be made by the father or mother, the minor, if above the age of fourteen years, consenting, and not by the latter with the consent of the former.

ON REPORT by APPLETON, J.

The facts of the case are clearly stated in the opinion of the court.

*L. W. Howes,* counsel for the plaintiff.

*J. G. Dickerson,* counsel for the defendant.

APPLETON, J. This is an action brought by the plaintiff to recover for the services of Hollis Wentworth, his indented apprentice, as he alleges.

The defence is that the indentures not being in pursuance of the requirements of R. S., chap. 90, are void.

The parts of the indenture material to be considered in the determination of this case, are as follows :

" This indenture witnesseth, that Hollis Wentworth, aged about fifteen years, of Belfast, in the County of Waldo, and State of Maine, *by and with the consent of Ruth Wentworth,* his widowed mother, hath voluntarily and *of his own free will and accord put and bound himself* to Francis Whitmore, of Waldo, in said county, to serve him from the date hereof for and until he shall arrive at the age of twenty-one years, during which time said Hollis shall faithfully, honestly and industriously serve him, and all his lawful commands everywhere, readily obey," &c.

Then follow mutual covenants on the part of the minor and the master, which are of no importance in the view we have taken of the case.

The indenture then concludes as follows:

"In witness whereof, the parties aforesaid, with the said Ruth Wentworth, *who hereby gives her assent and sanction to said covenant and agreement,* have hereunto set our hands and seals, this seventh day of April, Anno Domini one thousand eight hundred and fifty-four.

FRANCIS WHITMORE, L. S.

HER
RUTH ⋈ WENTWORTH, L. S.
MARK.

HIS
HOLLIS ⋈ WENTWORTH, L. S."
MARK.

It will be perceived that by this indenture the minor binds himself, and the mother gives her consent thereto, not in any manner binding herself.

By R. S., chap. 90, sec. 1, "children *under* the age of fourteen years may be bound as apprentices or servants *until* that age, *without their consent,* by their father, if living; and if not, *by their mother* or legal guardian," &c.

By sec. 2, "minors *above* the age of fourteen years may be bound *in the same manner* with their consent, which shall be expressed in the indenture and testified by their signing the same," &c.

The binding in both cases is to be "in the same manner." The contract is to be by the father, mother or guardian, as the case may be. The covenants are between one or the other of them and the master. The minor being under age cannot contract for himself. He is not, therefore, to be one of the contracting parties. No suit could be maintained against him for the non-performance of the covenants of the indenture. The only difference in the indentures arising from the age of the minor, is, that when under fourteen years his consent is not required, and when above that age, it is.

In the present case the provisions of the statute have been reversed, the boy binding out himself and the mother

consenting thereto, instead of the mother binding out the son and he expressing his consent, as is required by sec. 2.

The indentures being void, by the agreement of parties a nonsuit must be entered.

*Plaintiff Nonsuit.*